**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| AFFORDABLE AERIAL PHOTOGRAPHY, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRANSBLUE LLC, <br><br> Defendant. | **CASE NO. 2:20-cv-01626** <br><br> **COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br> **(INJUNCTIVE RELIEF DEMANDED)** <br><br> **JURY DEMAND** |

Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. by and through its undersigned counsel, brings this Complaint against Defendant TRANSBLUE LLC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. ("AAP") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute AAP's original copyrighted Work of authorship in its Work.

2. Robert Stevens, owner of Affordable Aerial Photography, Inc., is a high-end real estate photographer who makes his living photographing million dollar homes for real estate

agents. Stevens is an employee of his company, AAP, which provides photo shoots to a client's specifications. Stevens is self-taught, but his photographs rival those taken by photographers who charge thousands more.  AAP licenses its photos to agents pursuant to a written license. The license is granted only to the agent for whom the photos were taken.

3. Defendant TRANSBLUE LLC ("Transblue") is a facility management company that provides services to local, regional and national industries for over 20 years.  Transblue advertises itself as "one of the largest privately held management providers in North America" and "no other company can deliver the depth of Strategic Sourcing Vendor Governance, and Asset Alignment to your brand like Transblue."  At all times relevant herein, Transblue owned and operated the website located at the URL www.transbluefm.com (the "Website").  On or about October 15, 2018, AAP discovered its Work on the Website, as shown on the documents attached in Exhibit 2.

4. AAP alleges that Transblue copied AAP's copyrighted Work from the internet in order to advertise, market and promote its business activities.  Transblue committed the violations alleged in connection with Transblue's business for purposes of advertising and promoting sales to the public in the course and scope of the Transblue's business.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Washington.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in

infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

9. Transblue LLC is a Nevada Limited Liability Company doing business in the state of Washington, with its principal place of business at 4320 196th Street SW, B137, Lynnwood, Washington, 98036, and can be served by serving its Registered Agent, General Counsel, at the same address.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2016, AAP created the photograph entitled Resort Singer Aerial Side View AAP2016, Jun. 20, 2016, which is shown below and referred to herein as the "Work".



11. At the time AAP created the Work, AAP applied copyright management information to the Work consisting of the words © AAP 2016 All Rights Reserved on the lower left side of the Work.

12. AAP registered the Work with the Register of Copyrights on June 24, 2016 and was assigned the registration number VA 2-031-896. The Certificate of Registration is attached hereto as Exhibit 1.

13. AAP's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

14. At all relevant times AAP was the owner of the copyrighted Work at issue in this case.

## INFRINGEMENT BY DEFENDANT

15. Transblue has never been licensed to use the Work at issue in this action for any purpose.

16. On a date after the Work at issue in this action was created, but prior to the filing of this action, Transblue copied the Work.

17. Transblue copied AAP's copyrighted Work without AAP's permission.

18. After Transblue copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its facilities management business.

19. Transblue copied and distributed AAP's copyrighted Work in connection with Transblue's business for purposes of advertising and promoting Transblue's business, and in the course and scope of advertising and selling products and services.

20. AAP's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

21. Transblue committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

22. AAP never gave Transblue permission or authority to copy, distribute or display the Work at issue in this case.

23. AAP notified Transblue of the allegations set forth herein on January 19, 2019 and . To date, the parties have failed to resolve this matter. Copies of the Notices to Transblue are attached hereto as Exhibit 3.

24. When Transblue copied and displayed the Work at issue in this case, Transblue removed AAP's copyright management information from the Work.

25. AAP never gave Transblue permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

26. Plaintiff incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27. AAP owns a valid copyright in the Work at issue in this case.

28. AAP registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

29. Transblue copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without AAP's authorization in violation of 17 U.S.C. § 501.

30. Transblue performed the acts alleged in the course and scope of its business activities.

31. Transblue's acts were willful.

32. AAP has been damaged.

33. The harm caused to AAP has been irreparable.

# COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

34. Plaintiff incorporates the allegations of paragraphs 1 through 25 of this Complaint as if fully set forth herein.

35. The Work at issue in this case contains copyright management information ("CMI").

36. Transblue knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

37. Transblue committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of AAP's rights in the Work at issue in this action protected under the Copyright Act.

38. Transblue caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of AAP's rights in the Work at issue in this action protected under the Copyright Act.

39. AAP has been damaged.

40. The harm caused to AAP has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendant Transblue LLC that:

a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b.  Defendant be required to pay Plaintiff its actual damages and Transblue's profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c.  Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

d.  Plaintiff be awarded pre and post-judgment interest; and

e.  Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: November 5, 2020                    Respectfully submitted,

*/s/Brian C. Holloway*
BRIAN C. HOLLOWAY
Washington Bar Number:  57100
brian.holloway@sriplaw.com

**SRIPLAW**
1801 Century Park East
Suite 100
Los Angeles, CA  90067
360.544.0400 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Affordable Aerial Photography, Inc.*