UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,

        Plaintiff,

  v.

TRANSBLUE, LLC,

        Defendant.

Case No. C20-1626-SKV

ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR
ALTERNATIVE SERVICE AND FOR
ADDITIONAL TIME TO SERVE
SUMMONS AND COMPLAINT

This matter came before the Court on Plaintiff Affordable Aerial Photography, Inc.'s *ex parte* Motion for Alternative Service of Process and Additional Time to Serve the Summons and Complaint. Dkt. 9. For the reasons discussed below, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion.

## BACKGROUND

Plaintiff filed this action against Defendant Transblue, LLC on November 5, 2020, alleging copyright infringement. Dkt. 1. The Court issued the Summons the following day. Dkt. 3. Service of the Summons and Complaint was due by February 3, 2021. *See* Fed. R. Civ. P. 4(m). To date, Plaintiff has not served Defendant, and Defendant has not filed a Notice of Appearance or Answer. On May 7, 2021, the Court issued a Minute Order directing Plaintiff to

ORDER GRANTING IN PART AND DENYING IN
PART MOTION FOR ALTERNATIVE SERVICE
AND FOR ADDITIONAL TIME TO SERVE
SUMMONS AND COMPLAINT - 1

submit a case update within 10 days, including an update regarding service. Dkt. 6. On May 17, 2021, Plaintiff filed a Notice of Substitution of Attorney. Dkt. 8. That same day, Plaintiff provided the Court with a case update and filed the present Motion. Dkts. 9–10.

In its Motion, Plaintiff alleges that Defendant is evading service. Dkt. 9, ¶¶ 5–7. According to Plaintiff, it has been unable to personally serve Defendant's registered agent because the address listed for the registered agent on Washington's Secretary of State website is for a PO box. Dkts. 9-2, ¶ 3; 9-3 at 2. Plaintiff has likewise been unable to personally serve Defendant at an alternative address that Plaintiff located online for Defendant because the address does not exist. Dkts. 9-2, ¶ 5; 9-3 at 3. According to Plaintiff, it has diligently searched social media for accounts owned by Defendant and for members of Defendant's business who Plaintiff could serve, but its searches have proved unsuccessful. Dkts. 9-2, ¶ 6; 9-4, ¶ 6. On March 25, 2021, Plaintiff mailed a copy of the Summons and Complaint to the address listed for Defendant's registered agent on the Secretary of State website, but Defendant "has not responded." Dkt. 9-4, ¶ 7.

Plaintiff now moves the Court for an order permitting it to effect alternative service on Defendant. Specifically, Plaintiff asks the Court to permit it to serve Defendant by email at info@transbluefm.com and by delivering a copy of the Summons and Complaint to the Secretary of State. *See* Dkt. 9, ¶ 3. Plaintiff also asks the Court for a 60-day extension of time by which to serve Defendant. *Id.* at ¶ 10. Plaintiff argues this extension is warranted because Plaintiff's former counsel was no longer with his firm when the deadline for service passed in February 2021, and the firm (which still represents Plaintiff) did not have another attorney licensed to practice law in this district until March 2021. Dkt. 9-1 at 3. Plaintiff further argues that an

ORDER GRANTING IN PART AND DENYING IN
PART MOTION FOR ALTERNATIVE SERVICE
AND FOR ADDITIONAL TIME TO SERVE
SUMMONS AND COMPLAINT - 2

extension is warranted because of the difficulties it has encountered in trying to serve Defendant thus far. *Id.*

## DISCUSSION

Federal Rule of Civil Procedure 4(h) provides that a business entity must be served either (1) in the manner prescribed by Rule 4(e)(1) for serving an individual, or (2) by delivering a copy of the Summons and Complaint to an officer or agent authorized by appointment or law to receive service. Rule 4(e)(1) in turn allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Under Washington law, a business entity is served by personally serving (among others) its president or other head of the company, registered agent, secretary, or managing agent. RCW 4.28.080(9); *see also* RCW 23.95.450(1). That being said, if a business entity's registered agent cannot be served with "reasonable diligence," Washington's Uniform Business Organizations Code provides other service options. *See* RCW 23.95.450(2). Per RCW 23.95.450(2), the plaintiff can serve the business entity by registered or certified mail addressed to the entity at its principal office. In the event service cannot be made on the registered agent or by certified mail, RCW 23.95.450(3) offers a third option: "If process, notice, or demand cannot be served on an entity pursuant to subsection (1) or (2) of this section, service may be made by handing a copy to the individual in charge of any regular place of business or activity of the entity if the individual served is not a plaintiff in the action." Finally, RCW 23.95.450(4) provides that the "secretary of state shall be an agent of the entity for service of process if process, notice, or demand cannot be served on an entity pursuant to subsection (1), (2), or (3) of this section."

Rule 4(m) requires a plaintiff to serve the complaint within 90 days of filing. If the plaintiff fails to do so, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). But if the plaintiff shows good cause for the failure, the court "must extend the time for service for an appropriate period." *Id.*

Plaintiff argues that Defendant is evading service and that, despite Plaintiff's best efforts, it has been unable to serve Defendant in the manner contemplated by Washington and federal law. *See* Dkt. 9-1 at 2–3. Because of this, Plaintiff wishes to effect alternative service on Defendant by emailing a copy of the Summons and Complaint to an email address it suspects is associated with Defendant and by delivering a copy of the same to the Secretary of State, in accordance with RCW 23.95.450(4). Plaintiff's prior service efforts include: (1) attempting to personally serve Defendant's registered agent at the address provided on the Secretary of State website; (2) attempting to personally serve Defendant at an alternative address Plaintiff located for Defendant online; and (3) mailing the Summons and Complaint to Defendant's registered agent at the address provided on the Secretary of State website. *Id.*; Dkt. 9-4, ¶ 7. Plaintiff has also searched social media for accounts owned by Defendant and for members of Defendant's business who Plaintiff could serve, but has been unable to identify other potential service avenues. Dkt. 9-4, ¶ 6.

Plaintiff indicates that the address listed for Defendant's registered agent on the Secretary of State website is for a PO box, meaning Plaintiff cannot effect personal service there. Even assuming this establishes that Defendant's registered agent cannot be served with "reasonable diligence," as required by RCW 23.95.450(2), it does not entitle Plaintiff to seek alternative service by email or to serve process on the Secretary of State. Instead, Plaintiff must first

attempt service by mailing the Summons and Complaint by certified mail to Defendant's principal office. *See* RCW 23.95.450(2). While Plaintiff alleges it mailed the Summons and Complaint to the "address listed for Defendant's registered agent on Washington's Secretary of State website," Dkt. 9-4, ¶ 7, this does not establish that Plaintiff mailed the Summons and Complaint to Defendant's principal office in accordance with RCW 23.95.450(2).

Moreover, even if Plaintiff attempts service via RCW 23.95.450(2) and is unsuccessful, it must first try to hand a copy of the Summons and Complaint to the "individual in charge of any regular place of business or activity" for Defendant before serving the Secretary of State. *See* RCW 23.95.450(3). Plaintiff alleges is has unsuccessfully "searched social media to try and identify other members of the business which service could be effectuated on." Dkt. 9-4, ¶ 6. But this does not establish that Plaintiff has exhausted all avenues for locating potential service addresses for Defendant's members (or even for Defendant's registered agent), including by conducting an online public records search. Only if Plaintiff does so and is still unable to locate a service address for Defendant can it serve the Summons and Complaint on the Secretary of State in accordance with RCW 23.95.450(4). *See BMO Harris Bank N.A. v. Miller Transportation LLC*, No. C20-148 RSM, 2020 WL 8617422, at *2 (W.D. Wash. May 5, 2020). Plaintiff's Motion for Alternative Service is therefore denied.

Plaintiff also asks the Court for a 60-day extension of time by which to serve Defendant. Dkt. 9, ¶ 10. Under Rule 4(m), the Court must extend the time for service if Plaintiff shows good cause for its failure to serve Defendant before the initial 90-day service deadline. Because Plaintiff's former counsel was no longer with his firm when the service deadline passed in February 2021, and because Plaintiff's current counsel was not admitted to practice in this

district until March 2021, the Court finds good cause for granting Plaintiff's request. Plaintiff's Motion for Additional Time to Serve the Summons and Complaint is therefore granted.

CONCLUSION

Plaintiff's Motion for Alternative Service is DENIED; however, Plaintiff's Motion for Additional Time to Serve the Summons and Complaint is GRANTED. Plaintiff is ordered to serve Defendant within 60 days of this Order.

Dated this 25th day of May, 2021.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge